UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Goins, *also known as Michael D. Goins*; Travon Keith; Gary Miles; Jervon R. Clark; Michael Jones; DeShawn Williams; Montrel Perry; Tamel Davis; Ricardo Hooks; Kerwin Johnson; Maurice Council; Olayinko Adama Babatunde; Dustin Tiller; Maurice Bufford; Efrain Thomas; Chris Dunbar; Dominic Williams; Kendall Green; Demetrious Jones, <br><br>                      Plaintiffs,<br><br>vs.<br><br>South Carolina Department of Corrections, SCDC; Perry Correctional Institution, PCI; Special Management Unit, SMU; Officer Gibson; Lt. Horne; Sgt. Wilson; Lt. Lasley; Lt. DeGeorgis; Lt. Madden; Capt. Abston; Sgt. Moody; Cpl. Brown; Sgt. Lawless; Ofc. Sams; Ofc. McBride; Sgt. Nally; Lt. Church; Ofc. Binkley,<br><br>                      Defendants. | C/A No. 4:12-01924-CMC-TER<br><br><br><br>ORDER |

This is a civil rights action filed by multiple state prisoners, proceeding *pro se*. The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action); *see also Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, to the extent Plaintiffs wish to bring a class action lawsuit, they cannot do so.

Although this case cannot proceed as a class action lawsuit, the complaint and amended complaint have been signed by multiple prisoners, indicating a desire to litigate issues concerning the conditions of their confinement. Because the Plaintiffs are prisoners, the Prison

Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies to this case. The PLRA requires prisoners to pay the full three hundred and fifty-dollar ($350.00) filing fee for a civil action, as funds are available, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). The Fourth Circuit has not addressed the issue of fee payment in a case filed by multiple plaintiffs subject to the PLRA. However, the undersigned is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley,* 262 F.3d 1194, 1197-98 (11th Cir. 2001), which held that multiple prisoners are not allowed to join together in a single lawsuit. Because the PLRA's requirement, that a prisoner pay the full fee for filing a lawsuit, would be circumvented in a multiple plaintiff case subject to the PLRA, *Hubbard* held that it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Id.* at 1198.[1]

**Accordingly, the undersigned concludes that the Plaintiffs' claims should be separated for initial review.**

## TO THE CLERK OF COURT:

The Office of the Clerk of Court is directed to maintain this case as the "Lead Case" brought by the first Plaintiff named above (Michael Goins). The Clerk of Court is further directed to assign separate civil action numbers to each of the eighteen remaining Plaintiffs listed in the caption of this Order. The original of this Order shall be maintained in the present

---

[1] A prisoner must also exhaust administrative remedies prior to filing suit for civil rights violations. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Just as payment of one filing fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the plaintiffs.

file, and copies of this Order and all documents from this case shall be placed in the new case files.  After docketing this Order, the Clerk shall terminate the eighteen other Plaintiffs as parties in this case, leaving Michael Goins as the sole Plaintiff in this action.  The defendants in the new cases will be the same defendants listed in the caption of this Order.   The initial document entry on the docket in the new cases will be this Order.  The Clerk of Court is further authorized to re-file the complaint and amended complaint from this case in the new cases as one docket entry to be referenced as the "complaint," and to process the new cases as prisoner civil rights actions. The Clerk of Court shall determine the most efficient way and time for assigning case numbers and entering the new case numbers, party information, and pleading information on the Court's docket in the Electronic Case Filing system.

After the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 3, 2012